UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE S. HUEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:11-cv-02450-LSC |
| | ) |
| BIRMINGHAM CITY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration a motion to dismiss, which was filed by the Defendant, Birmingham Board of Education ("BBOE").  (Doc. 24.)  Plaintiff Stephanie Huey filed the above-numbered cause of action, *pro se*, on July 6, 2011. (Doc. 1.)  After a hearing with the Court, Plaintiff obtained counsel and filed an Amended Complaint.  (Doc. 22.)  In the Amended Complaint, Plaintiff sues BBOE for violation of her Equal Protection and Due Process rights under the Fifth[1] and

---

[1] "It is well settled that the Due Process Clause of the Fifth Amendment does not bind state governments.  Rather, it is applicable only to the federal government."  *Love v. Davis*, 14 F. Supp. 2d 1273, 1276 n.1 (N.D. Ala. 1998) (citing *Buxton v. City of Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989)).  Because BBOE is not alleged to be an agent or employee of the United States of America, all claims made pursuant to the Fifth Amendment will be dismissed.

Fourteenth Amendments of the U.S. Constitution, as well as breach of contract. The issues raised in Defendant's motion to dismiss have been fully briefed by the parties and are ripe for decision. Upon full consideration and for the reasons stated herein, the motion to dismiss will be granted.

II.     Background.

Stephanie Huey was employed by BBOE as a mathematics teacher and assigned to teach at Putnam Middle School. On November 5, 2005, she suffered an injury on the job when the principal of the school collided with her. Because of her injury, Plaintiff was unable to continue her teaching duties.

Plaintiff contends that when she was cleared by her doctor to return to work as a teacher, BBOE did not allow her to return to work. Plaintiff's position had been filled by a non-certified substitute teacher without a math degree. "After a period of time," Plaintiff was allowed to return to work, but she was not offered an equivalent position to the one she held prior to her injury and medical leave.

On March 22, 2010, Plaintiff submitted documentation to BBOE showing she had earned a doctorate degree and requested an increase in pay commensurate with that educational level. BBOE's superintendent approved the pay increase on March 31, 2010, and it was placed on the agenda for consideration at the next BBOE meeting.

BBOE refused to recognize the institution where Plaintiff earned her doctorate and denied the salary increase. Plaintiff contends that the denied salary increase violated her Equal Protection rights because the denial occurred at a time when BBOE hired math and science teachers from the Philippines to teach for the 2009-10 school year under emergency certifications or alternate certifications. (Doc. 22 ¶ 22.)

On May 31, 2010, Plaintiff was terminated from her position without a hearing and her health care coverage was cancelled. (*Id*. ¶¶ 18, 26-27.)

III.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn

in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id*.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991,

---

[2]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950).  Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52).  However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

IV.   Analysis.

Although plaintiff makes no reference to 42 U.S.C. § 1983, she does allege violations of her Fourteenth Amendment Equal Protection and Due Process rights. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Municipalities and local government entities are "persons" to whom § 1983 applies. *Id.* (citing *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)). However, local government entities "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 121 (quoting *Monell*, 436 U.S. at 691, 694). Plaintiff's Amended Complaint does not include any factual allegations identifying a policy or custom that caused the alleged constitutional deprivations at issue.

Even if Plaintiff had properly identified a policy or custom on the part of the Defendant, "[t]he Equal Protection Clause of the Fourteenth Amendment generally requires government entities to treat similarly situated individuals alike." *Alford v.*

*Consolidated Gov't of Columbus, Ga.*, 438 Fed. Appx. 837 at *839 (11th Cir. 2011) (citing *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006)). "In a traditional employment case brought under the Equal Protection Clause, an employee asserts that he was discriminated against on account of his membership in an identifiable or protected class, such as race, religion, sex, or national origin." *Id.* (citing *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)). Plaintiff has not alleged that she belongs to an identifiable or protected class, nor has she included sufficient facts to infer that similarly situated individuals in a non-protected class were treated more favorably. Plaintiff does not state a claim for violation of her right to Equal Protection under the Fourteenth Amdnement.

"[A]t a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). "The

constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Id*. "This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Id*. "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994).

Plaintiff contends that her termination was "arbitrary, capricious, and an abuse of discretion." (Doc. 22 ¶ 28.) In cases of negligent and intentional deprivations of property, the U.S. Supreme Court has held that a postdeprivation remedy is all a plaintiff is due. *Zinermon*, 494 U.S. at 128-30 (discussing *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984)); *McKinney*, 20 F.3d at 1562-63. The Supreme Court explained: "The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." *Id*. at 130 (quoting *Hudson*, 468 U.S. at 533). Therefore,

"an intentional [or arbitrary] deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate postdeprivation remedy." *Id.* at 533 n.14.

Plaintiff does not dispute that, at the time of her purported termination, Alabama Code § 16-24-21 (2010)[3] provided an adequate postdeprivation remedy in the form of a direct appeal for teachers "denied a hearing before the local board of education." Instead, Plaintiff attempts to argue that when Defendant refused to immediately reinstate her after she was earlier cleared by her doctor to return to work, she suffered a "temporary termination." Plaintiff claims that she did not have any remedies available to her because "Defendant did not officially state that she was terminated from her position." (Doc. 26 at 5.) Plaintiff does not make a "temporary termination" or reinstatement claim in Count II of the Amended Complaint. The facts referenced in Count II pertain only to Plaintiff's "termination" without a hearing. Plaintiff alleged that she was "terminated from her position without a hearing" on May 31, 2010. (Doc. 22 ¶ 18.) Plaintiffs are required to make clear what facts support which claims for relief. Failing to "identify claims with sufficient clarity to enable the defendant to frame a responsive pleading" is unacceptable. *Beckwith v.*

---

[3] This provision was repealed in July 2011 by the Students First Act of 2011, but replaced by a similar direct appeal provision. *See* Ala. Code. § 16-24C-12 (2011).

*Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001)). Plaintiff's Due Process claim will be dismissed.

Because there is no allegation of diversity jurisdiction and the Amended Complaint does not sufficiently state any claim under 42 U.S.C. § 1983, the Court declines jurisdiction over Plaintiff's breach of contract claim. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

V.  Conclusion.

For the reasons outlined above, Defendant's motion to dismiss will be granted. A separate order will be entered.

Done this 3rd day of July 2012.

                                                      L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE
                                                   139297